573 F.Supp. 30 (1983)
AGRI-TRANS CORPORATION, Plaintiff,
v.
PEAVEY COMPANY and Mississippi County Fleeting, Inc., Defendants.
No. 82-798 A (2).
United States District Court, E.D. Missouri, E.D.
September 22, 1983.
As Amended September 26, 1983.
*31 Thomas R. Jayne, St. Louis, Mo., for plaintiff.
Gary T. Sacks, Joseph M. Kortenhof and Peter Hoffman, St. Louis, Mo., for defendant.

MEMORANDUM
FILIPPINE, District Judge.
This matter is before the Court for a decision on the merits following trial to the Court. Plaintiff's complaint seeks recovery for damage to its barge which was allegedly caused by the negligence of defendants. After consideration of the parties' stipulations of fact, the testimony and exhibits introduced at the trial of this matter, the parties' briefs, and the applicable law, the Court hereby makes the following findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure.

FINDINGS OF FACT
1. At all material times each party was a corporation organized and existing under law.
2. At all material times plaintiff was the owner and/or owner pro hac vice of Barge AT-732B, an all welded steel river hopper barge measuring 200' × 35' × 12'.
3. At all material times defendant Peavey Company ("Peavey") was the owner and/or operator of the M/V FRANK H. PEAVEY and the M/V PAULINA, river towboats.
4. At all material times defendant Mississippi County Fleeting, Inc. ("Misco") operated a barge fleeting service located on the Mississippi River near Wyatt, Missouri.
5. On or about April 17, 1981, Barge AT-732B was placed in the tow of the M/V FRANK H. PEAVEY at or near Mile 168, Upper Mississippi River, near St. Louis, Missouri.
6. The Court finds the credible evidence to show that Barge AT-732B was undamaged when it was placed in the tow of the M/V FRANK H. PEAVEY. Mate Dickie Mitchell of the M/V FRANK H. PEAVEY testified that he inspected the barge shortly after it was placed in tow and that it was not damaged. He further testified that if the barge had been damaged in the manner indicated by post-damage photographs of the barge, he would have surely noticed such damage during his inspection. The Court finds this testimony to be credible.
7. The tow of the M/V FRANK H. PEAVEY, including Barge AT-732B, was then moved downriver to Misco. There is no evidence to indicate that any incident which could have resulted in damage to Barge AT-732B occurred during this trip.
*32 8. From approximately 8:15 a.m. until 8:30 p.m. on April 18, 1981, Barge AT-732B was in the exclusive care and custody of Misco at its barge fleeting facility near Wyatt, Missouri. Although the barge was moved while at Misco, there is no evidence to indicate that any incident which could have resulted in damage to Barge AT-732B occurred there. Plaintiff's own witness, David Brasselman, testified that, in his opinion, the damage occurred no earlier than April 21, a few days after the barge left Misco.
9. At approximately 8:45 p.m. on April 18, 1981, the M/V PAULINA took control of a tow of 25 loaded barges including Barge AT-732B and departed the Misco fleet bound for the vicinity of Paulina, Louisiana. There is no evidence to indicate that any incident which could have resulted in damage to Barge AT-732B occurred during the trip from Misco to Paulina.
10. While Barge AT-732B was being taken out of tow on either April 21 or April 22, 1981, two witnesses observed substantial damage to the barge's port side.
11. Barge AT-732B was surveyed on May 4, 1981, and found to have substantial damage on its port side # 4 compartment.

CONCLUSIONS OF LAW
This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333.
The law of tug and tow has been well settled for over half a century. The principles of law set forth in the leading Supreme Court case in this area, Stevens v. The White City, 285 U.S. 195, 52 S.Ct. 347, 76 L.Ed. 699 (1932) may be summarized as follows:
(1) the owner of the tug is not a bailee of the vessel in tow or its cargo,
(2) a tug's receipt of a tow in good order and delivery in damaged condition raises no presumption of negligence,
(3) the owner of the tug is not an insurer or liable as a common carrier,
(4) the owner of the tug is under a duty to exercise such reasonable care and maritime skill as prudent navigators employ for the performance of similar service, and
(5) the owner of the tow has the burden of showing that the loss for which he seeks recovery was caused by a breach of that duty.
285 U.S. at 200-202, 52 S.Ct. at 349-350. These time-honored principles of admiralty law contain as much vitality today as they did 50 years ago. See Consolidated Grain and Barge Company v. Flowers Transportation, 538 F.Supp. 65 (E.D.Mo.1982); Mid-America Transportation Co. v. Gladders Towing Co., 492 F.Supp. 475 (E.D.Mo. 1980).
Plaintiff has failed to produce any evidence which would justify an inference of negligence on the part of either defendant in this case. At most, plaintiff has shown that Barge AT-732B was undamaged when it left St. Louis and in a damaged condition when it arrived in Pauline. Such proof is not sufficient to raise a presumption of negligence on the part of either defendant. Stevens, supra.
Plaintiff argues that the doctrine of res ipsa loquitur creates a presumption of defendant Peavey's negligence under the facts of this case. The cases cited by plaintiff in support of this proposition, however, involve situations in which the evidence tended to establish the occurrence of an incident from which damage could have resulted. After the occurrence of such an incident has been established, some courts have held that a presumption of negligence arises. In this case, however, plaintiff has presented no evidence of any incident which could have resulted in damage to Barge AT-732B. The cases cited by plaintiff are therefore inapposite.
Finally, plaintiff suggests that defendant Misco may be held liable on a bailment theory. Assuming arguendo that such a theory is applicable to the facts of this case, plaintiff has failed to establish that employees of defendant Misco damaged *33 Barge AT-732B. As indicated above, plaintiff's own witness stated that the barge was damaged sometime after it left Misco. Plaintiff's bailment argument is therefore without merit.
For the foregoing reasons, the Court finds that plaintiff has failed to establish a claim against either defendant, and will accordingly award both defendants judgment against plaintiff.