**AGRI–TRANS CORPORATION, a corporation, Appellant,**

v.

**PEAVEY COMPANY, a corporation and Mississippi County Fleeting, Inc., a corporation, Appellees.**

No. 83–2427.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1984.

Decided Sept. 10, 1984.

Rehearing Denied Sept. 27, 1984.

Goldstein & Price, Gary T. Sacks, Milton I. Goldstein, St. Louis, Mo., for appellee Peavey Co.

Thompson & Mitchell, Michael D. O'Keefe, Thomas R. Jayne, Harry W. Wellford, Jr., St. Louis, Mo., for appellant, Agri-Trans Corp.

Kortenhof & Ely, Peter B. Hoffman, Joseph H. Raybuck, St. Louis, Mo., for Mississippi County Fleeting, Inc.

Before HEANEY, BRIGHT and ARNOLD, Circuit Judges.

BRIGHT, Circuit Judge.

Agri-Trans Corporation ("Agri-Trans") brought this suit in admiralty to recover for damage sustained by one of its Mississippi River barges.

The district court found as a matter of fact that the barge was undamaged when Agri-Trans put it in the control of defendant-appellee Peavey Company ("Peavey") on or about April 17, 1981 near St. Louis, Missouri. Peavey towed the barge, along with several others, to a fleeting facility near Wyatt, Missouri. There, defendant-appellee Mississippi County Fleeting, Inc. ("Misco") took control of the barge, and rigged it into a 25-boat tow. On the evening of April 18, Peavey resumed control of the barge, along with the others in the tow, and towed them downriver from Wyatt to Paulina, Louisiana. When the barge was removed from the 25-boat tow at Paulina on April 21 or 22, inspection revealed that the barge had sustained substantial damage.

The district court's findings of fact compel the inference that the barge sustained the damage between the time it left St. Louis on April 17 and the time it was removed from the tow at Paulina on April 21 or 22. There is no dispute that, during that period, the barge was in the exclusive control first of Peavey, then of Misco, then again of Peavey. Agri-Trans, moreover, does not challenge the district court's determination that the damage did not occur while the barge was under Misco's control. The only question on appeal is whether the Supreme Court's decision in *Stevens v. The White City*, 285 U.S. 195, 52 S.Ct. 347, 76 L.Ed. 699 (1932), precludes the finder of fact from inferring, on the evidence presented, that the damage resulted from negligence on the part of Peavey. The district court, 573 F.Supp. 30 (E.D.Mo. 1983), held the inference precluded as a matter of law. Because we believe this case to be distinguishable on its facts from *Stevens*, we hold the inference of negligence not precluded as a matter of law. Accordingly, we vacate the judgment in favor of Peavey, and remand for the district court to consider whether the evidence supports an inference of negligence on Peavey's part.

In *Stevens, supra,* the Supreme Court held that, standing alone, "evidence showing a tug's receipt of a tow in good order and delivery in damaged condition raises no presumption of negligence." 285 U.S. at 200, 52 S.Ct. at 349. In the case before us now, however, the record contains more than the bare facts of receipt in good condition and damage on delivery. Specifically, both the maritime surveyor called as an expert witness for the plaintiff and the captain of the tug that towed the barge from Wyatt to Paulina, called by the defense, testified that the structural damage to the barge appeared to have resulted from collision with a large, solid, rounded, stationary object. This testimony, if credible and not outweighed by evidence to the contrary, could, we think, support an inference that the barge collided with a bridge pier, mooring cell, or similar structure. If the court found the evidence to justify such an inference, it might then also, taking the nature of the damage and the character of the voyage into account, conclude that such a collision would not ordinarily occur absent negligence on the part of the tug. For though "damage sustained by the tow does not ordinarily raise a presumption that the tug has been in fault * * * there may be cases in which the result is a safe criterion by which to judge of the character of the act which has caused it." *The Steamer Webb,* 81 U.S. (14 Wall.) 406, 414, 20 L.Ed. 774 (1871). If an inference of negligence is justified, then the defendant bears the burden of coming forward with an explanation for the damage sufficient to rebut the inference. *Id.; Mid-America Transportation Co. v. National Marine Service,* 497 F.2d 776, 779–80 (8th Cir. 1974).

In *Stevens, supra,* there was "nothing about the injury itself to warrant any inference that it resulted from fault or negligence on the part of" the tug. 285 U.S. at 203, 52 S.Ct. at 350. There was evidence that the waters were full of driftwood that could have damaged the tow, *id.* at 199, 52 S.Ct. at 348, and there was speculation as to any number of events that might have occurred while the vessel that was later found to have sustained damage was left moored, unattended and unwatched, for a night, *id.* at 203, 52 S.Ct. at 350. But the character of the damage sustained by the vessel offered no clue whatever as to what kind of incident had resulted in the damage. That is, there was no more basis for attributing the damage to some kind of incident that likely would not have occurred without negligence on the defendant's part, than for attributing it to some kind of incident likely not involving negligence by the defendant.

In the case before us, by contrast, the evidence does tend to suggest the kind of incident that resulted in the damage. The photographic exhibits showing the damaged portion of the barge, and the testimony of witnesses for both Agri-Trans and Peavey, if credible, indicate that the barge probably collided with a large, solid, rounded, stationary object. The occurrence of such a collision, moreover, might indicate negligence on the defendant's part. It does not matter that the evidence of the collision is circumstantial rather than direct. Either way, if the finder of fact concludes that a collision occurred, it must then proceed to determine whether the occurrence of such a collision supports an inference of negligence. If so, the defendant bears the burden of coming forward with evidence to rebut the inference.

We emphasize the limited nature of our holding. We hold only that the law does not preclude the finder of fact from inferring negligence on the facts of this case. Whether the weight of the credible evidence actually justifies the inferences that a collision occurred and that the collision resulted from defendant Peavey's negligence remains to be determined by the finder of fact.

Accordingly, we vacate the judgment as to Peavey, and remand the case to the district court for further appropriate proceedings in light of this opinion. The judgment as to defendant-appellee Misco is affirmed.