**CONSOLIDATED GRAIN AND BARGE CO., Appellant,**

v.

**HUFFMAN TOWING CO., Appellee.**

No. 85–2523. .

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1986.

Decided Sept. 26, 1986.

Rehearing and Rehearing En Banc Denied Nov. 13, 1986.

Elmer Price, St. Louis, Mo., for appellant.

Frank S. Thackston, Jr., Greenville, Miss., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Consolidated Grain and Barge Company (Consolidated) brought this suit in admiralty against Huffman Towing Company (Huffman) to recover for damages sustained by several of its Mississippi River barges. Consolidated's barges were damaged when they dived below the surface of the water on an upriver tow. The district

court[1] found in favor of Huffman, and Consolidated appeals. We affirm.

## I. BACKGROUND

The accident giving rise to this appeal occurred on January 4, 1984, on a portion of the lower Mississippi River known as Mile 296. On that date, the M/V JANET MARIE was proceeding upriver at full speed with a tow of twenty loaded unmanned barges, including four Consolidated barges. When the tow of the JANET MARIE reached a point adjacent to Catfish Light Point (Mile 296.2), three of the lead barges dived below the surface of the water resulting in substantial damage to Consolidated barges and to the cargo on one of them.

At the time of the accident, Mile 296, a straight stretch of river, was marked by one red buoy which had been placed in twenty feet of water by the United States Coast Guard on December 20, 1983. The buoy indicated the limit of the navigable channel on the left descending bank of the river. The captain of the JANET MARIE, Tommy Leroy Drury, piloted the tow boat so that the starboard side of the tow was approximately 300 feet out from the red buoy line.

Following the accident, Consolidated brought suit in federal district court against Huffman arguing that the damages sustained by its barges were caused by the negligence of Huffman's pilot, Captain Drury. Consolidated asserted, relying on an opinion expressed by Captain Drury both in his accident report and in his deposition, that the barges entered into a dive because they ran from deep water into shallow water. Consolidated contended that Captain Drury should have navigated the tow further out from the red buoy line. The district court, however, found for Huffman. It concluded that Consolidated did not sustain its burden of establishing that Captain Drury failed to exercise due care under the then existing circumstances. This appeal followed.

## II. DISCUSSION

Consolidated's principal contention on appeal is that the circumstances of the accident raised an inference of negligence on the part of Huffman's pilot, which Huffman was required to, but failed to, rebut. Consolidated bases its argument on this court's opinion in *Agri-Trans Corp. v. Peavey Co.*, 742 F.2d 1137 (8th Cir.1984).

In *Agri-Trans*, we concluded that whether an inference of negligence arises where damage occurs to a barge under contract of the tow depends upon the weighing of all the facts by the district court. In that case, we said that a tug's receipt of a barge in good condition followed by delivery in damaged condition coupled with evidence that the damage to the barge appeared to have resulted from a collision with a large, solid, rounded, stationary object would support an inference that the barge collided with a bridge pier, mooring cell or similar structure. We held that with such evidence, the district court was not precluded as a matter of law from inferring negligence on the part of the defendant. *See Stevens v. The White City*, 285 U.S. 195, 52 S.Ct. 347, 76 L.Ed. 699 (1932). We cautioned, however:

> We emphasize the limited nature of our holding. We hold only that the law does not preclude the finder of fact from inferring negligence on the facts of this case. Whether the weight of the credible evidence actually justifies the inferences * * * remains to be determined by the finder of fact.

*Agri-Trans Corp. v. Peavey Co., supra,* 742 F.2d at 1139.

In the present case, the district court observed that although Consolidated's case is based on the assumption that the diving of the barges occurred because they ran from deep water into shallow water, Consolidated produced no evidence regarding the depth of the water at the time and place in which the accident occurred. Fur-

1. The Honorable John K. Regan, Senior United States District Judge for the Eastern District of Missouri. The district court opinion is reported at 623 F.Supp. 347 (E.D.Mo.1985).

thermore, the district court concluded that there was insufficient evidence for it to reasonably find that Captain Drury either knew or should have known of the existence of shallow water, and that based on such knowledge he failed to take reasonable precautions. The district court discounted Captain Drury's post-accident statements that the barges entered into a dive because they ran from deep water into shallow water. It characterized these statements as opinions or guesses by Captain Drury that were clearly not based on facts known to him prior to the accident. The district court concluded that these opinions were "too slender a reed upon which to predicate a finding of negligence." 623 F.Supp. at 349. It noted that there are several possible circumstances that could have caused the barges to dive, and that both Consolidated's expert witness and Captain Drury testified that barges could dive for reasons unrelated to negligence on the part of the tower.[2]

Therefore, based upon its analysis of the evidence the district court rejected any inference of negligence. On review, we hold that the district court's conclusion is supported by the record and is not clearly erroneous. *SCNO Barge Lines, Inc. v. Sun Transportation Co.,* 775 F.2d 221, 224–25 (8th Cir.1985).

## III. CONCLUSION

Accordingly, we affirm.

McMILLIAN, Circuit Judge, dissenting.

For the reasons discussed below, I dissent.

First, I would hold the district court erred in failing to accord greater weight to Captain Drury's testimony that the reason the barges entered into a dive was because they ran from deeper water into shallower water. Captain Drury's testimony was an admission made by an agent of a party opponent. Fed.R.Evid. 801(d)(2)(D); *see,*

*e.g., Kaiser Aluminum & Chemical Corp. v. Illinois Central Gulf R.R.,* 615 F.2d 470, 476 (8th Cir.), *cert. denied,* 449 U.S. 890, 101 S.Ct. 249, 66 L.Ed.2d 116 (1980). The admission was not conclusive of causation, but it strongly suggested that crossing from deeper to shallower water caused the barges to dive. This was also the opinion of appellant's expert witness, Captain A.E. Poe.

Determining what in fact caused the barges to dive did not, however, establish negligence on the part of the tug. The critical question was whether the tow was properly handled, or, put another way, whether Captain Drury exercised "such reasonable care and maritime skill as prudent navigators employ for the performance of similar service." *Stevens v. The White City,* 285 U.S. 195, 200, 52 S.Ct. 347, 349, 76 L.Ed. 699 (1932). Appellant had the burden of proof in establishing negligence, and the mere fact that appellant's barges were in good condition when received by appellee and were delivered in damaged condition does not raise a presumption of negligence on the part of the tug. *Id.* Appellant could, however, rely upon the doctrine of res ipsa loquitur as an aid in establishing negligence. *See The Steamer Webb,* 81 U.S. (14 Wall.) 406, 414, 20 L.Ed. 774 (1871); *Mid-America Transportation Co. v. National Marine Service, Inc.,* 497 F.2d 776, 779 (8th Cir.1974).

In my view, the district court erred in failing to apply the doctrine of res ipsa loquitur to infer negligence in the present case. In the admiralty context res ipsa loquitur applies where "1) the injured party was without fault; 2) the instrumentality causing the injury was under the exclusive control of the defendant; and 3) the mishap is of a type that ordinarily does not occur in the absence of negligence." *United States v. Nassau Marine Corp.,* 778 F.2d 1111, 1115–16 (5th Cir.1985), *citing Johnson v. United States,* 333 U.S. 46, 68 S.Ct.

---

**2.** For example, the evidence disclosed that loaded barges may dive while traveling (1) from deep into shallow water, (2) from shallow into deep water, (3) from a current into slack or still water, (4) from slack into a current, (5) from a current into an eddy, or (6) an eddy into a current.

391, 92 L.Ed. 468 (1948). "If an inference of negligence is justified, then the defendant bears the burden of coming forward with an explanation for the damage sufficient to rebut the inference." *Agri-Trans Corp. v. Peavey Co.*, 742 F.2d 1137, 1139 (8th Cir.1984).

In the present case, the evidence suggested the kind of incident that resulted in the damage. The testimony of Captains Drury and Poe and the kind of damage sustained by the barges indicated that the barges crossed from deeper to shallower water and entered into a dive. It was undisputed that before the accident the tow had proceeded upriver without incident, the weather was clear, visibility was excellent, and there was heavy ice on the river. Captain Drury knew that the river bottom conditions varied and that the river had been falling and, for those reasons, he had positioned the tow well within the navigable channel. The starboard side of the tow was some 300′ off the red river buoy marking the limit of the navigable channel along the left descending bank. The evidence also showed, and the district court found, that the barges were seaworthy. I would hold that these circumstances justified an inference of negligence and that appellee should have been required to come forward with an exculpatory explanation for the accident. *See, e.g., Mid-America Transportation Co. v. National Marine Service, Inc.*, 497 F.2d at 780.

Given the evidence, I acknowledge that appellee probably would have been able to show relatively easily that Captain Drury could not have reasonably known of the change in the depth of the river at Mile 296. *Cf. SCNO Barge Lines, Inc. v. Sun Transportation Co.*, 775 F.2d 221, 225 (8th Cir.1985) (no Coast Guard safety reports despite six groundings within one month). Nonetheless, the fact remains that appellee was not required to produce such evidence. Because I believe that under the circumstances the district court erred in failing to require appellee to come forward with an exculpatory explanation, I would reverse and remand the case for the further proceedings.